# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/04/2021 06:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



| | |
|---|---|
| **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* | |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARAMARK CORPORATION, a Pennsylvania Corporation; CAFE REFRESH, a California Corporation and DOES 1 to 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISAIAH BERRY, an individual,

Date: 12-1-21   Time: 3:00

Eric Deal     S.P.S. 336

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* STANLEY MOSK COURTHOUSE 111 N. HILL ST., LOS ANGELES CA 90012 | CASE NUMBER: *(Número del Caso):* 21STCV17637 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JONATHAN D. EVANS, 155 N. LAKE AVE., STE. 800, PASADENA CA 91101 (323) 515-9981

| DATE: 11/04/2021 *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | M. Mariano | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* ARAMARK CORPORATION, a Pennsylvania Corporation
   under: [x] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2021 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
21STCV17637

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Steven Kleifield

1  KRISTEN J. BECKER (SBN 314981)
   JONATHAN D. EVANS (SBN 302887)
2  evansatlaw@gmail.com
3  **THE LAW FIRM OF JONATHAN D. EVANS**
   155 N. Lake Avenue, Suite 800
4  Pasadena, CA 91101
5  (323) 515-9981
6
7  Attorneys for Plaintiff ISAIAH BERRY
8              **SUPERIOR COURT OF CALIFORNIA**
9      **COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT**
10                                       21STCV17637
11 ISAIAH BERRY, an individual,         ) Case No.:
12        Plaintiff,                     ) **COMPLAINT FOR DAMAGES**
                                          ) **FOR:**
13 vs.                                   )
                                          ) 1.  **FAILURE TO PROVIDE**
14 ARAMARK CORPORATION, a                )     **MEAL PERIODS;**
   Pennsylvania Corporation; CAFE        )
15 REFRESH, a California Corporation     ) 2.  **FAILURE TO PROVIDE**
   and DOES 1 to 20, inclusive,          )     **REST PERIODS;**
16                                       )
        Defendants.                      ) 3.  **FAILURE TO PAY FOR**
17                                       )     **ALL HOURS WORKED;**
18                                       ) 4.  **FAILURE TO PAY**
                                          )     **OVERTIME WAGES;**
19                                       )
                                          ) 5.  **STATUTORY**
20                                       )     **PENALTIES FOR**
                                          )     **VIOLATION OF**
21                                       )     **RECORD KEEPING**
                                          )     **REQUIREMENTS;**
22                                       )
                                          ) 6.  **WAITING TIME PAY**
23                                       )
                                          ) 7.  **VIOLATION OF UNFAIR**
24                                       )     **COMPETITION LAW**
                                          )
25                                       ) **DEMAND FOR JURY TRIAL**
                                          )
26 ─────────────────────────────────────  )
27        COMES NOW PLAINTIFF, ISAIAH BERRY, and for causes of action against
28 Defendant, and each of them, alleges as follows:

                              - 1 -

THE LAW FIRM OF JONATHAN D. EVANS

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, including those defendants named as DOES 1 through 20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code 12940(i). Plaintiff is further informed and believes, and on that basis alleges, that Defendants, and each of them, including those defendants named as DOES 1 through 20, formed and executed conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing harm to Plaintiff.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by Defendant or co-Defendant, such allegation and references shall also be

- 3 -

THE LAW FIRM OF JONATHAN D. EVANS

1    deemed to mean the acts and/or failures to act by each Defendant acting individually,

2    jointly and severally.

## JURISDICTION

11. Each cause of action enumerated below arises from California state law and the events giving rise to this lawsuit took place in California, including the County of Los Angeles.

12. This Court has jurisdiction over Plaintiffs' claims under Labor Code §§ 201-04, 226, 226.7, 510, 512, 558, 1194, 1197, 2698 et seq., 2802, Bus. & Prof. Code §17200 et seq., and Wage Order 5.

## GENERAL FACTUAL ALLEGATIONS

13. On or about January 12, 2018 Plaintiff was hired by ARAMARK CORPORATION as a Line Cook for Defendant's restaurant, CAFÉ REFRESH located in Culver City, California.

14. Plaintiff's job duties included cooking breakfast and lunch for the entire restaurant. Breakfast was served from 8:30am-10:30am and lunch was served from 11:30am-1:30pm. Both breakfast and lunch included around 20-30 base menu items along with 4 specials, all of which Plaintiff was responsible for.

15. The uniform custom and practice at CAFÉ REFRESH at all times was to fail to provide employees with meal and rest breaks as required by California Labor Code and Industrial Welfare Commission Wage Order No. 5-2001 (the "Wage Orders").

16. Plaintiff frequently worked through his meal and rest breaks in order to complete all of his job duties for the day.

17. Initially, Plaintiff would not clock out for his lunch periods as he was working through them. However, Plaintiff was told by his Manager, Scott, he either had to clock out or risk disciplinary action.

18. Throughout Plaintiff's employment, Defendants maintained a digital clock in/out system. On various occasions when Plaintiff worked through his lunch, Plaintiff was

- 4 -



THE LAW FIRM OF JONATHAN D. EVANS

1    advised by Manager Alexander Hunter, to manually change his time card to make it
2    look as if he took a lunch even though he worked through his lunch.

3    19. Plaintiff's managers knew the press of business prevented Plaintiff from taking off-
4    duty, 30-minute meal breaks; these managers took no action to provide meal breaks
5    and instead required Plaintiff to alter his timecard.

6    20. Plaintiff never received a meal premium for forgoing his meal breaks.

7    21. Defendants likewise did not provide adequate rest breaks for Plaintiff. Defendants
8    did not provide work schedules (and/or sufficient staff) to permit employees to take
9    rest breaks.

10   22. Plaintiff complained to Defendants on several occasions regarding rest breaks.
11   Upper management was aware Plaintiff was not taking rest breaks as he complained
12   to the following management: Alex Hunter, Lauren, and Scott. Plaintiff was simply
13   told "Work now and you can take a break later."

14   23. Defendants did not pay Plaintiff a premium for missed or untimely meal breaks or
15   for missed rest breaks.

16   24. Defendants routinely required and knowingly suffered Plaintiff to work "off the
17   clock" and thereby failed to to pay him for all hours worked. As described above,
18   Plaintiff routinely and at management's directive clocked out – to provide the
19   appearance that he took meal breaks – but instead worked through his meal breaks.

20   25. Defendants failed to pay overtime for hours worked in excess of 8 hours per day in
21   violation of Wage Order paragraph 3 and Labor Code sections 510, 1194 et seq., and
22   1198. As previously described, Defendants required and/or knowingly permitted
23   Plaintiff to perform work off the clock during purported meal breaks. Moreover,
24   Plaintiff frequently worked 30 minutes over his 8 hour shift from 2018-2019.
25   Plaintiff was responsible for cleaning his equipment each night and had to stay
26   overtime about 4 times  a week in order to clean his equipment. Defendants were
27   well aware Plaintiff worked over his 8 hour shift as Plaintiff complained to all of his

28

- 5 -



THE LAW FIRM OF JONATHAN D. EVANS

1    managers and requested additional help throughout his employment with

2    Defendants.

3    26. Defendants failed to pay all earned wages (including overtime compensation, wages

4    for off-the-clock work, reporting time pay, and premium pay for missed meal and

5    rest breaks) at least twice a month in violation of Labor Code section 204. As

6    described above, Defendants systematically failed and refused to pay all overtime

7    compensation and premium pay owed to Plaintiff and required or knowingly

8    permitted Plaintiff to perform work off the clock and without compensation. As such,

9    although Plaintiff received pay every two weeks, his wages were not timely paid in

10   full, as required by the statute.

11   27. Defendants failed to keep accurate records in violation of Wage Order paragraph

12   7(A). Because Defendants required Plaintiff to work off the clock, and because they

13   altered Plaintiff's time records, Defendants failed to maintain accurate information

14   concerning the beginning and ending of each work period, meal periods, and total

15   hours worked Plaintiff.

16   28. Defendants failed to provide accurate, itemized statements of hours worked, wages,

17   and deductions, in violation of Wage Order paragraph 7(B) and Labor Code section

18   226. As described above, Plaintiff was required to work off the clock and through his

19   meal and rest breaks. Thus, not all hours worked were documented on Plaintiff's

20   wage statements.

21

22                        **FIRST CAUSE OF ACTION**

23                    **Failure to Provide Meal Periods**

24         **(Wage Order No. 5-2001 ¶ 11; Cal. Lab. Code §§ 226.7, 512)**

25   29. Plaintiff incorporates the above allegations as it fully set forth herein.

26   30. California Labor Code § 512 provides, in pertinent part, as follows:

27         An employer may not employ an employee for a work period of more than five

28         hours per day without providing the employee with a meal period of not less

- 6 -



THE LAW FIRM OF JONATHAN D. EVANS

1   than 30 minutes, except that if the total work period per day of the employee is

2   no more than six hours, the meal period may be waived by mutual consent of

3   both the employer and employee. An employer may not employ an employee for

4   a work period of more than 10 hours per day without providing the employee

5   with a second meal period of not less than 30 minutes, except that if the total

6   hours worked is no more than 12 hours, the second meal period may be waived

7   by mutual consent of the employer and the employee only if the first meal

8   period was not waived.

9   31.   California Labor Code § 226.7(a) provides: "No employer shall require an employee

10        to work during any meal . . . period mandated by an applicable order of the

11        Industrial Welfare Commission." Paragraph 11(A) of the Wage Order provides, in

12        pertinent part, as follows: "Unless the employee is relieved of all duty during a 30

13        minute meal period, the meal period shall be considered an 'on duty' meal period

14        and counted as time worked."

15   32.   As alleged herein Plaintiff routinely and uniformly was not provided with meal

16        periods or provided with a meal period only to be interrupted prior to the meal

17        period ending.

18   33.   By failing to provide Plaintiffs with these meal periods, Defendants violated

19        California Labor Code sections 512 and 226.7, as well as applicable provisions of

20        the Wage Order.

21   34.   As a result of the unlawful acts of Defendants set forth herein, Plaintiff has been

22        unfairly and illegally deprived of up to five meal periods per week, and is entitled to

23        one additional hour of premium pay for each missed meal period.

24   ///

25   ///

26   ///

27   ///

28

- 7 -

THE LAW FIRM OF JONATHAN D. EVANS

**SECOND CAUSE OF ACTION**

**Failure to Provide Rest Periods**

**(Wage Order No. 5-2001 ¶ 12; Cal. Lab. Code §§ 226.7)**

35. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

36. Paragraph 12(A) of the Wage Order authorizes employees to take paid rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

37. Cal. Labor Code § 226.7(a) provides: "No employer shall require an employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission."

38. Plaintiff routinely and uniformly was not provided with the rest periods required to be provided to him, which amounted to a total of two rest periods per day.

39. By failing to provide Plaintiff with these rest periods, Defendants violated Paragraph 12 of the Wage Order and California Labor Code section 226.7.

40. As a result of the unlawful acts of Defendants set forth herein, Plaintiff has been unfairly and illegally deprived of up to two rest periods per day, and is entitled to one additional hour of premium pay for each missed rest period.

**THIRD CAUSE OF ACTION**

**Failure to Pay For All Hours Worked**

**(Wage Order No. 5-2001 ¶¶ 4(B), 11; Cal. Lab. Code §§ 221, 223)**

41. Plaintiff incorporates the above allegations as if fully set forth herein.

42. Paragraph 4(B) of the Wage Order provides that all employers must "pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period...."

43. As described above, Defendant required or suffered Plaintiff to continue working off the clock through his purported meal periods. Pursuant to Paragraph 11 of the

- 8 -



THE LAW FIRM OF JONATHAN D. EVANS

1    Wage Order, "[u]nless the employee is relieved of all duty during a 30 minute meal

2    period, the meal period shall be considered an "on duty" meal period and *counted as*

3    *time worked*" (emphasis added). Plaintiff was never compensated for his time

4    worked during his purported meal periods, in violation of Paragraphs 4(B) and 11.

5    44.   Defendant routinely required or suffered Plaintiff to perform work off the clock at

6    the end of his shift. Plaintiff was never compensated for this off-the-clock labor, in

7    violation of Paragraph 4(B).

8    45.   As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff

9    has been deprived of compensation for all hours worked in amounts to be

10    determined, and are entitled to recovery of said amounts according to proof, interest

11    thereon, attorneys' fees and costs.

12

13    ## FOURTH CAUSE OF ACTION

14    ### Failure to Pay Overtime Wages

15    **(Wage Order No. 5-2001 ¶ 3; Cal. Labor Code §§ 510, 1194 et seq., 1198)**

16    46.   Plaintiff incorporates the above allegations as if fully set forth herein.

17    47.   California Labor Code § 510(a) provides, in pertinent part, as follows:

18            Eight hours of labor constitutes a day's work. Any work in excess of eight hours

19            in one workday and any work in excess of 40 hours in one workweek and the

20            first eight hours worked on the seventh day of work in any one workweek shall

21            be compensated at the rate of no less than one and one-half times the regular rate

22            of pay for an employee. Any work in excess of 12 hours in one day shall be

23            compensated at the rate of no less than twice the regular rate of pay for an

24            employee.

25    48.   California Labor Code § 1194 provides, in pertinent part, as follows:

26            Any employee receiving less than the . . . legal overtime compensation

27            applicable to the employee is entitled to recover in a civil action the unpaid

28



- 9 -

THE LAW FIRM OF JONATHAN D. EVANS

1   balance of the full amount of this . . . overtime compensation, including interest

2   thereon, reasonable attorney's fees, and costs of suit.

3   49.  Paragraph 3(A) of the Wage Order provides, in pertinent part, as follows:

4   [E]mployees shall not be employed more than eight (8) hours in any workday or

5   more than 40 hours in any workweek unless the employee receives one and one-

6   half (1 ½) times such employee's regular rate of pay for all hours worked over 40

7   hours in the workweek. Eight (8) hours of labor constitutes a day's work.

8   Employment beyond eight (8) hours in any workday or more than six (6) days in

9   any workweek is permissible provided the employee is compensated for such

10  overtime at not less than:

11  (b) Double the employee's regular rate of pay for all hours worked in excess of

12  12 hours in any workday and for all hours worked in excess of eight (8) hours on

13  the seventh (7th) consecutive day of work in a workweek.

14  50.  Plaintiff did not receive proper compensation for all hours worked in excess of eight

15  hours per day or forty hours per week.

16  51.  By the conduct described above, Defendants violated, *inter alia*, the provisions of

17  California Labor Code §§ 510, 1194, 1198, and Paragraph 3 of the Wage Order and

18  are therefore liable to Plaintiff for the damages caused.

19  52.  As described above, from 2018 - 2019, Defendants required and/or suffered

20  Plaintiff to work thirty minutes past his eight hour shift in order to clean all of his

21  equipment. Defendant's records falsely indicated Plaintiff worked shorter hours and

22  was not entitled to overtime wages.

23  53.  As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff

24  has been deprived of overtime compensation in amounts to be determined and

25  entitled to recovery of said amounts according to proof, interest thereon, attorneys'

26  fees and costs.

27  ///

28



- 10 -

# FIFTH CAUSE OF ACTION

## STATUTORY PENALTIES FOR VIOLATION OF RECORD
## KEEPING REQUIREMENTS

### (Wage Order No. 5-2001 ¶ 7; Cal. Lab. Code § 226(b))

54. The Plaintiff incorporates the above allegations as if fully set forth herein.

55. California Labor Code § 226(a) provides, in pertinent part, as follows:

> Every employer shall, semimonthly or at the time of each payment of wages,
> furnish each of his or her employees, either as a detachable part of the check,
> draft, or voucher paying the employee's wages, or separately when wages are paid
> by personal check or cash, an accurate itemized statement in writing showing . . .
> gross wages earned, . . . total hours worked by the employee . . .[and ] all
> deductions . . . and . . . all applicable hourly rates in effect during the pay period
> and the corresponding number of hours worked at each hourly rate by the
> employee.

56. IWC Wage Order No. 5-2001 paragraph 7 provides additionally, in pertinent part, as
follows:

> Every employer shall keep accurate information with respect to each employee
> including the following:
>
> * * *
>
> (3) Time records showing when the employee begins and ends each work period.
> Meal periods, split shift intervals and total daily hours worked shall also be
> recorded. ...
>
> (5) Total hours worked in the payroll period and applicable rates of pay.
>
> * * *
>
> Every employer shall semimonthly or at the time of each payment of wages
> furnish each employee ... an itemized statement in writing showing: (1) all
> deductions...

- 11 -



57. Defendant violated the above Labor Code section and Wage Order provision with respect to Plaintiff by failing to keep accurate time records showing all hours worked and failing to provide accurate itemized statements of earnings and the amounts lawfully deducted from wages.

58. California Labor Code § 226(e) provides, in pertinent part, as follows:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

59. California Labor Code § 226(g) provides, in pertinent part, as follows: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

60. Defendants' violations of the Labor Code section and the Wage Order recited above have been knowing and intentional.

61. Plaintiff has been misled, misinformed, deceived, underpaid and otherwise injured as a result of said violations.

62. As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff is entitled to penalties in the amount of $50 for the initial pay period for each violation by Defendant, and $100 for each such violation in every subsequent pay period during the relevant limitations period.

63. As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff is also entitled to costs and attorney's fees.

///

///

THE LAW FIRM OF JONATHAN D. EVANS

- 12 -

THE LAW FIRM OF JONATHAN D. EVANS

## SIXTH CAUSE OF ACTION

### Waiting Time Pay

### (Cal. Lab. Code §§ 201-203, 206)

64. Plaintiff incorporates the above allegations as if fully set forth herein.

65. California Labor Code § 201(a) provides, in pertinent part, as follows: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

66. California Labor Code § 202(a) provides, in pertinent part, as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67. California Labor Code § 206(a) provides, in pertinent part, as follows:

> In case of a dispute over wages, the employer shall pay, without condition, and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

68. Where an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 through 203 of the California Labor Code, all wages due to an employee who has been discharged or has quit, California Labor Code §203 entitles the affected employee to receive from the employer a penalty of up to 30 days wages calculated from the due date of the wages until the time an action to recover the wages is commenced.

69. As alleged herein, Defendants have failed to pay earned wages (including but not limited to overtime compensation, premium pay for missed meal and rest breaks and reporting time pay) to Plaintiff at the time they became due and payable and have thus violated sections 201, 202 and 206 of the California Labor Code.

- 13 -



THE LAW FIRM OF JONATHAN D. EVANS

70. Defendants' failure to pay wages as alleged herein was willful in that Defendants knew Plaintiff was not receiving all of his earned compensation because, inter alia, Defendants knew Plaintiff did not receive all the wages to which he was entitled, including (without limitation) overtime and reporting time pay.

71. It has been more than 30 days since the date of termination of employment.

72. As a result of Defendants willful, unlawful acts, discussed herein, Plaintiff is entitled to recover, pursuant to California Labor Code §203, continuing wages as a penalty for a total of 30 days.

### SEVENTH CAUSE OF ACTION
### Violation of Unfair Competition Law
### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

73. Plaintiff incorporates the above allegations as if fully set forth herein.

74. By their actions described in this Complaint, Defendants have committed unfair, unlawful and/or fraudulent business practices in violation of California Business & Profession Code section 17200 et seq. (the "UCL").

75. California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure that employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those employers who try to gain competitive advantage by not so complying, at the expense of the health, safety and welfare of their employees.

76. As set forth above, Defendants have failed and refused to provide timely, off duty meal periods to Plaintiff; failed and refused to provide rest breaks; failed and refused to compensate Plaintiff for such missed or untimely breaks; failed to properly pay Plaintiff for all hours worked; failed to properly pay overtime; failed to pay reporting time pay; failed to timely pay all wages earned at the time of termination; and failed to comply with recordkeeping and wage statement requirements. As a result of these

- 14 -



actions, Defendants have engaged in unfair competition within the meaning of the UCL because their conduct has violated state wage and hour laws and policies, including but not limited to Labor Code sections 201, 202, 204, 221, 223, 226, 226.7, 510, 512, 1194 et seq., 1198 and Paragraphs 3, 4, 5, 7, 11, and 12 of the Wage Orders.

77.  In addition, it has been Defendants' custom, policy and practice to fail and refuse to pay Plaintiff all earned wages at the time such wages became due and payable. Specifically, Defendants have failed to timely pay earned wages (e.g., overtime compensation and premium pay for missed or untimely meal breaks and for missed rest breaks) as required by Labor Code section 204. This conduct likewise constitutes unfair competition.

78.  Defendants have fraudulently altered Plaintiff's time records to create a false appearance that Plaintiff was provided with timely, 30-minute meal breaks, or that no such breaks were required. Such conduct flagrantly violates Labor Code section 226 and Paragraph 7 of the Wage Order. Plaintiff reasonably relied on Defendants to keep accurate and complete records of his time worked and to pay him all earned wages. He was harmed by Defendants' destruction and falsification of time records. Defendants' conduct as alleged in this paragraph therefore also constitutes unfair competition under the UCL

79.  Defendants' conduct as described herein has been anti-competitive and injurious to Defendants' competitors who complied with the laws and policies violated by Defendants, as Defendants' conduct provided an unfair and illegal advantage in the marketplace as a result of, inter alia, paying less for the labor of their employees than required by law.

80.  Defendants' conduct has injured Plaintiff by, inter alia, wrongfully denying him earned wages, overtime pay, premium pay, and meal and rest periods. As such, Plaintiff is entitled to restitution and injunctive relief.



THE LAW FIRM OF JONATHAN D. EVANS

- 15 -

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Isaiah Berry, prays for judgment in his favor and relief against Defendants as follows:

1. For compensatory damages, including, without limitation, lost wages and premium pay, in amounts to be determined at trial;

2. For statutory penalties;

3. For interest, at the legal rate;

4. For reasonable attorneys' fees and costs;

5. For costs of suit incurred;

6. For all such other and further relief as the Court may deem proper and equitable;

ADDITIONALLY, Plaintiff, Isaiah Berry, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

**THE LAW FIRM OF JONATHAN D. EVANS**

Dated: May 11, 2021

Kristen J. Becker, Esq.
Attorney for Plaintiff ISAIAH BERRY

THE LAW FIRM OF JONATHAN D. EVANS

- 16 -

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>JONATHAN D. EVANS (SBN 302887)<br>LAW FIRM OF JONATHAN D. EVANS<br>155 N. LAKE AVE., SUITE 800, PASADENA CA 91101<br><br>TELEPHONE NO.: 323-515-9981          FAX NO. (Optional): 323-576-4567<br>ATTORNEY FOR (Name): ISAIAH BERRY | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: -SAME-
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
BERRY V. ARAMARK CORP., ET AL

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21STCV17637<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 05/11/2021
JONATHAN D. EVANS
_____                    ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, this Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: BERRY V. ARAMARK CORP., ET AL | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: BERRY V. ARAMARK CORP., ET AL | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Row-group labels (left margin, top to bottom): Non-Personal Injury/ Property Damage/ Wrongful Death Tort • Employment • Contract • Real Property • Unlawful Detainer

EXHIBIT A

Page 33

| SHORT TITLE: BERRY V. ARAMARK CORP., ET AL | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: BERRY V. ARAMARK CORP., ET AL | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 900 Corporate Pointe Walk |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| CULVER CITY | CA | 90230 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 05/11/2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT A
Page 35

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/11/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____N. Alvarez_____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV17637 |

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Steven J. Kleifield | 57 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/11/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A

Page 36

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.